Filed 11/18/13  P. v. Bates CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CAMERON BATES,<br><br>        Defendant and Appellant. | A138993<br><br>(Solano County<br>Super. Ct. No. FCR298549) |

Defendant's counsel filed an opening brief in which he raised no issues and asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was apprised of his right to file a supplemental brief but did not do so.

On March 5, 2013, an information was filed charging defendant with possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1)); vehicle theft (Veh. Code, § 10851, subd. (a)) and receiving stolen property (§ 496d, subd. (a)).

Trial commenced on May 14, 2013.  Defendant moved in limine to exclude his statements to the police officer upon his arrest as obtained in violation of *Miranda*.[2]  The trial court correctly found that defendant's statements were spontaneous and denied the motion.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

1

The following evidence was adduced at trial: Officer David Hollingsworth testified that on February 17, 2013, he received a call from dispatch to respond to a report that a man was acting erratically in the area of 1015 Airport Road in Rio Vista. Hollingsworth went to the location and saw defendant standing behind a white Geo Storm. Defendant had a long rifle in his hand. Hollingsworth drew his service weapon and ordered defendant to drop the rifle. Defendant did not immediately drop the weapon, but said "Shoot me. I want you to shoot me." Hollingsworth demanded again that defendant drop the rifle. Defendant complied and was arrested.

Hollingsworth thereafter inspected the rifle and found that there was a round of ammunition in the chamber and several other rounds in the magazine of the weapon. He searched the Geo Storm and found five more rounds of .22 caliber ammunition in the back of the vehicle. Defendant's wallet was also found in the car during a subsequent search. Hollingsworth also learned from dispatch that the Geo Storm had been stolen. Defendant waived his *Miranda* rights and told Hollingsworth that he purchased the car from someone but could not remember the person's name.

On cross-examination, Hollingsworth testified that a key was found in the Geo Storm and that his investigation had revealed no information linking defendant with the theft of the car.

Jerrod Allen Newman testified that on February 15, 2013, he parked his Geo Storm in the bank parking lot and left the keys in the car. He did not give the car to anyone nor did he give defendant permission to take the car. When he returned from the bank, his car was missing.

A felony order of probation showing defendant's prior felony conviction of Vehicle Code section 2800.4 was admitted into evidence.

At the close of the People's case, the court granted defendant's section 1118.1 motion to dismiss the vehicle theft charge.

The court properly instructed the jury which found defendant guilty of possession of a firearm by a felon and not guilty of receiving stolen property.

2

On June 11, 2013, the court, having read and considered the probation report, imposed the midterm of two years in state prison.  The court granted defendant custody credits of 230 days.

Defendant was represented by counsel throughout these proceedings.  There was no error in the sentencing.  This court has reviewed the entire record and there are no meritorious issues to be argued.

The judgment is affirmed.

_____
Rivera, J.

We concur:

_____
Reardon, Acting P.J.

_____
Humes, J.